**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 3, 2026

Starasia Santos
267 Osborn Street, Apt 3H
Brooklyn, NY 11212
*Pro Se Plaintiff*

Vito A. Gagliardi Jr., Esq.
Porzio, Bromberg & Newman, P.C.
5 Sylvan Way
Parsippany, NJ 07054
*Counsel for Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: *Santos v. Hoboken Public School District, et al.*, Civ. No. 25-04437 (SDW) (JSA)**

Parties:

Before this Court is Defendants' Motion to Dismiss Plaintiff Starasia Santos's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

Plaintiff was hired by Defendant, the Hoboken Public School District[1], on or around October 2023. (D.E. 1 ("Compl.") ¶ 14.) According to Plaintiff, Defendant Anna Marra

[1] Defendant argues that Plaintiff's Complaint must be dismissed for failing to properly name the Hoboken Board of Education as a Defendant. However, this Court will permit Plaintiff to amend her pleadings given the misnomer. *See Anthony v. Choudary*, No. 19-17074, 2020 WL 7054271, at *4 (D.N.J. Dec. 2, 2020) (declining to dismiss complaint

immediately subjected Plaintiff to racial discrimination. (*Id.* ¶ 16.) Additionally, on or around February 2024, Plaintiff was assigned as a 1-to-1 paraprofessional for a student, whom Plaintiff alleges subjected her to repeated sexual harassment. (*Id.* ¶¶ 22–24.) Plaintiff reported these incidents of sexual harassment to her supervising staff, including Defendants Martin Shannon, Christine Johnson, and Cecilia D'Elia, to no avail. (Id. ¶¶ 25–27.)

Plaintiff further alleges that starting on September 6, 2024, Plaintiff was subjected to retaliation and a retaliatory hostile work environment. (*Id.* ¶ 29.) Plaintiff was assigned to a different school and given an assignment that involved uncomfortable tasks, unlike her previous assignment. (*Id.*) Then, on or around December 4, 2024, Plaintiff was placed on paid leave pending an investigation by the Institutional Abuse Unit of the Department of Children and Families and the District's own internal investigation. (*Id.* ¶ 31.) Despite the investigation concluding with a finding of "Not Established," Defendants have not allowed Plaintiff to return to work. (*Id.* ¶¶ 32–33.)

Plaintiff filed the instant lawsuit on May 16, 2025. (D.E. 1.) The complaint asserts claims for: (1) Title VII retaliatory hostile work environment; (2) hostile work environment based on race; (3) sexual harassment; (4) First Amendment violations; (5) retaliation; (6) racial discrimination; (7) unlawful employment discrimination under the New Jersey Law Against Discrimination ("NJLAD"); and (8) Fourteenth Amendment violations. Defendants subsequently filed the present Motion to Dismiss. (D.E. 15.) All briefing was timely completed.

## II. LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

---

because the plaintiff misnamed a defendant). It is clear that Plaintiff intended to sue her employer, and the Hoboken Board of Education is aware that it is the intended party and received notice of the suit.

### A. Service of Process

Defendant contends that Plaintiff's Complaint must be dismissed for insufficient service of process pursuant to Rule 12(b)(5). Plaintiff counters that service was properly effectuated since she is proceeding *in forma pauperis* ("IFP") and relied on service to be executed by the United States Marshals Service ("USMS").[2]

A plaintiff proceeding IFP under 28 U.S.C. § 1915 is entitled to have the USMS or other appointed person effect service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see also Crock v. Astrue*, 332 F. App'x 777, 778 (3d Cir. 2009) (stating that a litigant proceeding IFP is not responsible for the service of process). But the plaintiff must provide the district court with sufficient information to enable the USMS to effectuate service of process. *See Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020).

As an initial matter, Plaintiff provided sufficient information to enable the USMS to effectuate service of process. The USMS filed process receipts and returns reflecting that service was executed on September 12, 2025 as to all Defendants. (D.E. 9.) According to the process receipts, the complaints were not served on any Defendant directly but instead were served upon a security guard employed by the Hoboken Public School District. Defendants correctly note that such service did not comply with the applicable federal and state rules of service. However, district courts in the Third Circuit have declined to penalize litigants proceeding IFP where any deficiency in service appears to have been caused by the USMS. *See Bonilla v. Am. Heritage Fed. Credit Union*, No. 18-3293, 2018 WL 6172522, at *5 (E.D. Pa. Nov. 26, 2018) (declining to hold plaintiff culpable for insufficient service of process by the United States Marshals Service); *Elliot v. Ortiz*, No. 21-0291, 2024 WL 2957034, at *5 (D.V.I. June 12, 2024) (same); see also *Goodwin v. LA Weight Loss Centers, Inc.*, No. 99-6339, 2001 WL 34387933, at *2 (E.D. Pa. Oct. 29, 2001); *Sanders v. Workman*, No. 97-694, 2001 WL 656072, at *4 (D. Del. Mar. 26, 2001). Thus, although service was improper, in exercising its discretion, this Court declines to dismiss Plaintiff's Complaint for insufficient service of process.

### B. Title VII and NJLAD Claims (Counts I, II, III, V,VI, and VII)

Plaintiff asserts several Title VII and NJLAD claims against the Hoboken Public School District and individual Defendants, Martin Shannon, Christine Johnson, Cecilia D'Elia, Anna Marra, Elizabeth Palmer, and Sheena Yenchak (hereafter referred to as "the Individual Defendants," collectively), alleging that she was the victim of unlawful workplace retaliation and racial and sex discrimination.

*i. Retaliatory Hostile Work Environment and Retaliation*

[2] This Court notes that Plaintiff's opposition relies on improperly cited cases and cases that are non-existent. Plaintiff is hereby advised that continued use of improper citations and/or non-existent cases may result in sanctions, including dismissal with prejudice.

As to Count I, the Third Circuit recognizes, as a separate cause of action, a claim for retaliatory hostile work environment. *See Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Watkins v. Pennsylvania Dep't of Corr.*, No. 22-1426, 2023 WL 5925896, at *2 (3d Cir. Sept. 12, 2023) (citing *Komis v. Sec'y of U.S. Dep't of Lab.*, 918 F.3d 289, 293 (3d Cir. 2019)) (recognizing separate cause of action for retaliatory hostile work environment); *and Guardado v. Kiss Distribution Corp.*, No. 25-649, 2026 WL 1078770, at *5 (D.N.J. Apr. 21, 2026) (same). To plead a claim for retaliatory hostile work environment, a plaintiff must plead that "(1) she suffered intentional discrimination because of her protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present." *Komis*, 918 F.3d at 293. As to Count V, to plead a claim for retaliation under Title VII, a plaintiff must allege that she (1) "engaged in a protected activity;" (2) "she suffered an adverse employment action;" and (3) "there was a causal connection between the participation in the protected activity and the adverse action." *Peifer v. Bd. of Probation and Parole*, 106 F.4th 270, 279 (3d Cir. 2024) (quoting *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017)).

Plaintiff contends that she engaged in protected employee activity by filing complaints of discrimination against Defendants with the State of New Jersey Department of Law & Public Safety, Division on Civil Rights (NJDCR) and with the U.S. Equal Opportunity Commission (EEOC). Plaintiff further alleges that she suffered an adverse employment action because she was placed on paid leave pending an investigation by the Institutional Abuse Unit of the Department of Children and Families. However, Plaintiff fails to adequately plead a claim for retaliation and retaliatory hostile work environment because Plaintiff fails to allege any causal connection between her alleged protected action and the purported adverse action. *See Watkins v. Pennsylvania Dep't of Corr.*, No. 22-1426, 2023 WL 5925896, at *2 (3d Cir. Sept. 12, 2023) (affirming dismissal of retaliatory hostile work environment because the plaintiff failed to prove a causal connection between the alleged retaliation and the protected activity). Plaintiff does not allege that Defendants were aware of Plaintiff's NJDCR and EEOC complaints prior to placing Plaintiff on paid administrative leave. *See Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 196 (3d Cir. 2015) (stating that a plaintiff "cannot establish that there was a causal connection without some evidence that the individuals responsible for the adverse action knew of the plaintiff's protected conduct at the time they acted."). Moreover, although Plaintiff claims that causation is demonstrated by the temporal proximity between the filing of her complaints and the alleged adverse actions, Plaintiff's Complaint is devoid of any dates to support any temporal proximity. Accordingly, Plaintiff fails to establish causation and therefore, Counts I and V are dismissed.

*ii. Hostile Work Environment and Discrimination Based on Race and Sex*

Plaintiff alleges that she was subjected to a hostile work environment based on her race and sex in violation of Title VII and NJLAD. The standard for establishing a hostile work environment race and sex-based discrimination claim under both Title VII and the NJLAD are substantially similar, and thus, this Court will address both claims simultaneously. *See Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (applying the same elements to hostile

work environment sexual harassment claim under Title VII and NJLAD); *see also Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 941 (3d Cir. 2009) ("New Jersey courts treat hostile work environment claims under the NJLAD the same as the Supreme Court treats hostile work environment actions under Title VII").

To establish a hostile work environment claim under Title VII and the NJLAD, a plaintiff must demonstrate that: (1) she suffered intentional discrimination because of her protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of respondeat superior liability. *See Mandel v. M& Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citing *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006)). "The first four elements establish a hostile work environment, and the fifth element determines employer liability." *Id.* Even when applying the liberal construction afforded to complaints filed by pro se plaintiffs, Plaintiff has failed to adequately plead a hostile work environment claim. Plaintiff's allegations are conclusory and provides no clear factual allegations suggesting that she was subjected to a hostile work environment based on her race or sex. Therefore, Counts II and III are dismissed.

Next, Plaintiff also sets forth claims for race and sex discrimination under Title VII, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988[3] and the NJLAD. To state a prima facie claim for race and sex discrimination under Title VII, § 1981 and the NJLAD[4], Plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) that adverse action occurred under circumstances giving rise to an inference of discrimination. *See Id.* at 169 (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008));

Notably, to establish the fourth element, a plaintiff may either: "(1) introduce evidence of comparators (i.e., similarly situated employees who (a) were not members of the same protected class and (b) were treated more favorably under similar circumstances); or (2) rely on circumstantial evidence that otherwise shows a causal nexus between his membership in a protected class and the adverse employment action." *Greene v. Virgin Islands Water & Power Auth.*, 557 F. App'x 189, 195 (3d Cir. 2014). Here, Plaintiff fails to establish the fourth element of causation as Plaintiff has not pled any adequate facts. Again, Plaintiff only recites conclusory statements which are insufficient to allege that similarly situated employees outside her protected

---

[3] Section 1988 contains provisions addressing attorney's fees and expert fees in civil rights actions. However, it is well-settled that § 1988 does not create an independent cause of action. *Moor v. Alameda County*, 411 U.S. 693, 702 (1973) (holding that § 1988 does not independently create a federal cause of action). Thus, Plaintiff's claims under § 1988 are dismissed.

[4] Claims for discrimination collectively brought under Title VII, § 1981 and the NJLAD are analyzed under the same standard. *See Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 180 (3d Cir. 2020) ("Claims brought under NJLAD and § 1981 are analyzed under the same framework.").

classes were treated more favorably, or any other circumstantial evidence demonstrating a causal nexus between the alleged adverse action and her race and/or sex.

Additionally, Plaintiff's NJLAD claims against the Individual Defendants must be dismissed even if Plaintiff sufficiently pled her claims of discrimination. Unlike federal law, the NJLAD provides for individual liability under the theory of "aiding and abetting." *See* N.J. Stat. Ann. § 10:5–12(e); *Cicchetti v. Morris Cnty. Sheriff's Office*, 947 A.2d 626, 645 (N.J. 2008) ("individual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can ... arise through the 'aiding and abetting' mechanism."). To hold an employee liable as an aider and abettor, Plaintiff must show: (1) the employer whom the defendant aided performed a wrongful act causing an injury; (2) the defendant was generally aware of his role as part of an overall illegal or tortious activity at the time that he provided the assistance; and (3) the defendant knowingly and substantially assisted the principal violation. *Cicchetti*, 947 A.2d at 645 (citing *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir.1999)). Plaintiff's Complaint does not allege any facts giving rise to an inference that any of those three factors are present. There are no allegations as to each Individual Defendant's role in the alleged discrimination or that the Individual Defendants themselves discriminated against Plaintiff; that they assisted in the alleged discrimination; or that they knew they were playing such a role. Indeed, beyond specifying their job titles with the Hoboken Public School District, the Complaint hardly mentions the Individual Defendants. Such threadbare assertions fail to make out a minimally plausible claim that the Individual Defendants aided and abetted any discrimination against Plaintiff.

Lastly, given that Plaintiff's Title VII, § 1981, and NJLAD claims are insufficiently pled, Plaintiff's §§ 1983, 1985, and 1986 claims also fail for the same reasons. "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination ... They must demonstrate that they received different treatment from that received by other individuals similarly situated." *Holley v. Port Auth. of N.Y. & N.J.*, No. 14-7534, 2018 WL 4953008, at *2 (D.N.J. Oct. 12, 2018) (quoting *Chambers ex rel. Chambers v. Sch. Dist. Of Phila.*, 587 F.3d 176, 196 (3d. Cir. 2009)). As such, Plaintiff's failure to establish causation for her Title VII claims also requires dismissal of her § 1983 claim. Similarly, Plaintiff's allegations fail to state a conspiracy claim under § 1985 as they do not allege the requisite elements of who was involved in the conspiracy, when the conspiracy occurred and what the conspiracy entailed.[5] As a result, Plaintiff's § 1986 claim is also dismissed as all claims under § 1986 are derivative in nature, requiring a valid underlying § 1985(3) claim. *See D'Aurizio v. Palisades Park*, 963 F. Supp. 378, 386 (D.N.J. 1997), *aff'd sub nom. D'Aurizio v. Borough of Palisades Park*, 151 F.3d 1024 (3d Cir. 1998). Accordingly, Counts VI and VII are dismissed.

---

[5] Section 1985 permits a plaintiff to bring a claim that two or more people have acted together to deprive him of his civil rights. 42 U.S.C. § 1985(3). To establish a § 1985 conspiracy claim, a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983).

*iii. Individual Defendants*

Next, Defendants contend that Plaintiff's Title VII claims against the Individual Defendants must be dismissed with prejudice because Title VII does not provide for individual liability. Title VII prohibits an "employer" from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The term "employer" as used in Title VII means "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person ...." 42 U.S.C. § 2000e(b).

Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."); *see also Tai Van Le v. Univ. of Pa.*, 321 F.3d 403, 408 n.3 (3d Cir. 2003) (noting that, where the defendant was the plaintiff's supervisor and not his employer, "liability cannot exist pursuant to Title VII"); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII."). Further, courts in this District have consistently held that it is redundant to name a supervisor as a defendant in his official capacity when the employer is also named as a defendant, stressing that "Title VII provides for liability against employers, not supervisors." *Stallone v. Camden County Tech. Schs. Bd. of Educ.*, No. 12–7356, 2013 WL 5178728, at *7 (D.N.J. Sept. 13, 2013); *see also Gretzula v. Camden County Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 486 (D.N.J. 2013) (dismissing claims against individual defendants in their official capacity who are not employers, in part because "[n]aming a supervisor as a defendant in his official capacity is redundant"). Accordingly, Plaintiff's Title VII claims against the Individual Defendants are dismissed with prejudice. *See Murray v. DeJoy*, No. 23-0423, 2024 WL 4024073, at *3 (D.N.J. Sept. 3, 2024)(dismissing Title VII claim against individual employees with prejudice); *see also Scipio v. Vitec Videocom*, No. 15-7776, 2017 WL 2901331, at *5 (D.N.J. July 6, 2017) (same).

**C. Plaintiff's First and Fourteenth Amendment Claims ( Counts IV and VIII)**

Plaintiff alleges that Defendants violated her First Amendment rights by engaging in retaliatory conduct after she filed formal complaints of discrimination and other grievances. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Plaintiff relies on the same facts alleged for her Title VII retaliation claims. As such, for the same reasons this Court discussed in dismissing Plaintiff's Title VII retaliation claims, the facts alleged do not establish a causal link between the constitutionally protected conduct and the alleged retaliatory action. Plaintiff does not allege that Defendants were aware of Plaintiff's NJDCR and EEOC complaints prior to placing Plaintiff on paid administrative leave; nor does Plaintiff provide sufficient information to show any temporal proximity between the filing of her complaints and the alleged adverse action.

Plaintiff also asserts that Defendants violated the Due Process and Equal Protection clauses of the Fourteenth Amendment by placing her on paid administrative leave without a pre-deprivation hearing and subjecting her to disparate treatment based on her race. However, Plaintiff's equal protection claim is baldly asserted and does not allege facts that demonstrate she was treated differently because of her race. Instead, Plaintiff relies on conclusory allegations. As to her due process claim, it appears that Plaintiff is attempting to plead a cause of action for procedural due process. Nonetheless, Plaintiff fails to state a procedural due process claim under the Fourteenth Amendment because she does not sufficiently describe "what process [she] was owed and how that process was denied." *Washington v. Hanshaw*, 552 Fed. Appx. 169, 174 (3d Cir. 2014). Accordingly, Counts IV and VIII are dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Title VII claims (Counts I, II, III, V, and VI) against Defendants Martin Shannon, Christine Johnson, Cecilia D'Elia, Anna Marra, Elizabeth Palmer, and Sheena Yenchak are **DISMISSED WITH PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint in accordance with this Opinion. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Jessica S. Allen, U.S.M.J.